THOMAS REILLY, Appellee, v. JOE WOODS, Appellant.

No. 41968.

JUNE 20, 1933.

Donnelly, Lynch, Anderson & Lynch, for appellant.

Paul J. Kehoe, and B. D. Silliman, for appellee.

ANDERSON, J.—The record is very incomplete and unsatisfactory. The case was submitted to the trial court upon the pleadings and a very short stipulation. The plaintiff's petition recites that in February, 1930, the plaintiff and defendant entered into a written agreement covering the operation of a farm on a partnership basis, and that the parties continued the operation of the farm under such agreement until March 1, 1932; that on or about the 29th of December, 1931, the parties orally agreed to dissolve the partnership, and that the written agreement should not be effective after March 1, 1932; that, in order to divide the property and to liquidate the interest of each party, they orally agreed to hold a public auction and to sell the partnership assets, thereby converting the partnership property into cash; in accordance with such agreement, a sale was had, and the total amount derived from the sale of all the partnership property was $1,684.68, and that the share of each party to the agreement was one-half of this amount, or $842.34; that the defendant, Joe Woods, purchased of the partnership property certain items amounting to $693.40, and did not pay such amount to the clerk of the sale. The property so purchased by the defendant, Joe Woods, consisted of the following: 54 shocks of fodder; 4 brood sows; 200 bushel of oats; 120 bushel of oats; 4 sows; 1 stock hog; 1 small sow; 3 black heifers; 1 roan cow; 1 red cow; 1 black cow; 1 roan cow and calf; 1 red cow No. 10; 1 red cow No. 12; 1 red cow No. 14; 1 bull; 6 ewes; 1 steer; and 1 heifer.

Plaintiff further alleges in his petition, that on the 31st day of March, 1931, he advanced or loaned to the defendant the sum of $375.53, for the purpose of purchasing a binder, a rake, and certain pigs, and that defendant executed a promissory note to the plaintiff for said sum, payable one year from date, and on the 5th day of November, 1931, plaintiff made an additional advancement or loan to the defendant in the sum of $143, for which the defendant executed his promissory note due February 3, 1932; that on December 29, 1931, there was due upon said two promissory notes the sum of $492.07.

The plaintiff further alleges that the written partnership agreement provides that title to all interest of the defendant in the

live stock and farm products shall remain in the plaintiff until final settlement, and that the interest of the defendant in the property shall stand as security for all advances made by the plaintiff, and for all indebtedness of the defendant to the plaintiff; and that said instrument shall be construed as a chattel mortgage on the interest of the defendant in the live stock and farm products; that the expense of the auction sale amounted to $50.72, one-half of which should be charged to the defendant. The plaintiff then credits the defendant with one-half of the proceeds of the sale, and charges him with the amount purchased at the sale, and with the amount due upon the two mentioned promissory notes, and prays for judgment against the defendant for an alleged balance due plaintiff of $368.49; plaintiff also prays that his lien be established on all the property described in the petition, and asks for the foreclosure of his chattel mortgage thereon and for special execution, etc.

Attached to plaintiff's petition is a copy of the so-called partnership agreement, which provides that the obligation of the parties shall be considered equal, and that each party shall furnish one-half of the live stock, seed, and feed, including horse feed; that all live stock and products of the same, and all grain and other products, shall be held as a partnership holding and a division shall be made only when a portion or all of the same is sold and turned into money, at which time each party shall receive one-half of the income from such sales, after partnership expenses are paid; no sale shall be made except by mutual agreement of the parties, or at the time of the termination of the agreement.

The agreement contains the further provision:

"It is further understood and agreed by and between the parties hereto that the title to all of the undivided interest of the party of the first part in the live stock and farm products shall be and remain in the party of the second part until final settlement and shall stand as security for all moneys advanced to said business by second party and all indebtedness of first party to second party; this instrument for all intents and purposes to be and be construed a chattel mortgage upon the undivided interest of first party in and to said live stock and farm products securing said advances and indebtedness with power of statutory foreclosure sale."

After motions to strike and to transfer to the law calendar

were overruled, the defendant filed an answer admitting the making of the contract substantially as alleged by plaintiff, and admitting the execution by the defendant of the two promissory notes set out in plaintiff's petition, and admitting the purchase by the defendant at the auction sale of property of the partnership of the value as claimed by defendant, but denies that plaintiff has a lien thereon for any amount claimed to be due him from the defendant, and asks that plaintiff's petition be dismissed in so far as it prays for the establishment and foreclosure of a chattel lien on the property described therein.

On the 20th day of September, 1932, the issues thus joined came on for hearing, and a stipulation was entered into in open court, in substance, as follows: That there were certain items purchased in addition to those specified in plaintiff's petition, to wit, 8 ewes and 2 black cows; that the binder and rake referred to in plaintiff's petition is described as one 8-foot McCormick grain binder and one side rake and tedder; that at the time of the execution of the lease or partnership agreement defendant was a married man, a resident of the state of Iowa, a farmer and the head of a family.

It was further stipulated that the case should be submitted upon the pleadings and the foregoing stipulation.

On the 26th day of October, 1932, the trial court entered the following order:

"The court, having had this case under advisement as to the question of establishing a lien as claimed by plaintiff, the court finds that the equities are with plaintiff and that plaintiff is entitled to the foreclosure of his chattel mortgage as prayed. To all of which the defendant excepts."

The abstract shows further that

"Judgment was rendered and entered of record, establishing a lien as claimed by plaintiff and foreclosing chattel mortgage as prayed."

From the foregoing order and judgment defendant appeals.

The appellant contends that the machinery and certain other of the property upon which the chattel mortgage was established was exempt property, and any chattel mortgage or lien thereon, created by the so-called partnership agreement, would be void because the

defendant's wife did not join therein. Of course this would be true as an abstract proposition; but there is no showing in the abstract as to what property the defendant contributed to the partnership; and we are unable to say whether any such property was exempt or not. However, we do not deem this point material to the determination of the issues here presented.

The appellant also contends that the sale of all of the partnership property terminated any pre-existing lien thereon existing under the partnership agreement; and that the defendant acquired title to such property as he purchased at the sale free from any lien created by the partnership agreement. The appellant may be right in such contention, but, in the view we take of the case, we do not think this point is material or that it is necessary to decide.

The mortgage, or partnership agreement, does not by its terms secure any debt arising outside of the partnership. It provides that it "shall stand as security for all moneys advanced to said business by second party (plaintiff), and all indebtedness of first party to second party." The debt evidenced by two promissory notes of defendant, so far as shown by the record, was not on account of "moneys advanced to said business", and was not for any money or indebtedness owed to the second party (plaintiff) by the first party (defendant) at the time the partnership agreement was entered into; and the partnership agreement does not purport to cover future advancements or loans. The money loaned to the defendant, represented by the note for $357.53 was, as claimed by plaintiff in his petition, for the purpose of purchasing a binder, rake, and certain pigs, but there is no showing that such property became a part of the partnership assets. The purpose for which the second loan of $143 was made is not shown in the record, and for all that appears it was a personal loan or advancement to the defendant by plaintiff. Plaintiff claims that he is entitled to a lien upon the binder and rake for the purchase price thereof which was advanced by him. But there is no merit in this contention. He did not sell the binder and rake to the defendant, and would have no right to assert a vendor's lien thereon.

Apparently the trial court established a lien in favor of the plaintiff for a balance due upon the two mentioned promissory notes as against the property as described in plaintiff's petition, including the binder and rake. This we hold was error. The plaintiff had no lien, which he could assert under the partnership agree-

ment, for the security of the indebtedness due him on account of the two promissory notes mentioned. For all that appears from the record, the money thus advanced, was not advanced to the business, and the indebtedness thus created was not in existence at the time of the partnership agreement, and the partnership agreement did not cover future advancements.

We hold, therefore, that the plaintiff had no lien which could be established against any of the property described in plaintiff's petition, including the binder and rake, and that the court erred in establishing any such lien. The judgment entered against the defendant for the balance of the amount due upon the two promissory notes may stand, but so much of the decree and judgment as establishes and forecloses a lien against any property must be reversed. The case is reversed and remanded, with instructions to enter a supplemental decree and order in compliance with this opinion.—Reversed and remanded.

KINDIG, C. J., and STEVENS, MITCHELL, and KINTZINGER, JJ., concur.